IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02868-BNB

PAUL PALECEK,

    Applicant,

v.

SUSAN JONES, Warden, Colorado State Penitentiary, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN W. SUTHERS,

    Respondents.

## ORDER

    Applicant, Paul Palecek, has filed *pro se* on November 30, 2011, a "Motion for Reconsideration." Mr. Palecek requests that the Court reconsider his request for appointment of counsel. For the reasons stated below, the motion will be denied.

    Mr. Palecek is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Colorado State Penitentiary. Mr. Palecek seeks to challenge in this action the validity of a State of Colorado criminal conviction and sentence in El Paso County District Court case number 95CR140.

    Mr. Palecek initiated this action by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a Motion to Appoint Counsel on November 3, 2011.

    The Court entered an order on November 15, 2011, denying Mr. Palecek's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and directing him to pay the $5.00 filing fee in a habeas corpus action. The November 15 Order also denied Mr.

Palecek's motion to appoint counsel as premature. Mr. Palecek paid the $5.00 filing fee on November 30, 2011. On December 7, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A)

In motion for reconsideration, Mr. Palecek argues that he is "elderly" and that he has suffered from several heart attacks which negatively affect his ability to concentrate and make decisions. Therefore, he asserts that he requires counsel in order to proceed with his case.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." **Coronado v. Ward**, 517 F.3d 1212, 1218 (10th Cir. 2008). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." **Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden**, 23 F.3d 332, 333 (10th Cir. 1994); *see also Coleman v. Small*, 501 U.S. 722, 756-57 (1991). The Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Thus, the Court has discretion to appoint counsel in a habeas proceeding.

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an

evidentiary hearing." ***Johnson v. Avery****,* 393 U.S. 483, 487 (1969).  Here, Magistrate Judge Boland has ordered Respondents to file a pre-answer response limited to addressing certain affirmative defenses  Mr. Palecek may file a reply within twenty-one days of the filing of the pre-answer response if he so desires.  An evidentiary hearing is not necessary at this time.  The Court, therefore, finds that Mr. Palecek's request is premature, and the interests of justice do not require appointment of counsel at this time.  Accordingly, it is

ORDERED that Applicant's "Motion for Reconsideration" (Doc. # 6) is DENIED.

DATED at Denver, Colorado, this  8th  day of   December  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court

3