IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02868-BNB

PAUL PALECEK,

      Applicant,

v.

SUSAN JONES, Warden, Colorado State Penitentiary, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Paul Palecek, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in

Canon City, Colorado.  Mr. Palecek has filed a *pro se* Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case

No. 95CR140 in the El Paso County District Court.  He has paid the $5.00 filing fee in a

habeas corpus action.

In an order entered on December 7, 2011, Magistrate Judge Boyd N. Boland

directed Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A).  After receiving an extension of time,

Respondents filed a Pre-Answer Response on January 31, 2012.  Mr. Palecek

submitted a Reply on March 9, 2012.

The Court must construe liberally the Application filed by Mr. Palecek because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

I.       **Background and State Court Proceedings**

Mr. Palecek was charged in the El Paso County District Court with two counts of first degree murder after deliberation and two counts of conspiracy to commit first degree murder.  The charges arose "in connection with the [1995] shooting death of two women outside a Colorado Springs bar in a drug-related incident."  Pre-Answer Resp. at Ex. N, p. 3.  After a three-week trial, a jury convicted Mr. Palecek on all counts, and he was sentenced to consecutive life terms without the possibility of parole on the murder counts, in addition to lesser concurrent sentences on the conspiracy counts.  Pre-Answer Resp. at 2.

Mr. Palecek filed a direct appeal to the Colorado Court of Appeals.  *Id.* On March 16, 2000, the appellate court affirmed the district court's judgment.  *See People v. Palecek*, No. 96CA0517 (Colo. App. Mar. 16, 2000, as modified on May 4, 2000) (unpublished opinion) (Pre-Answer Resp. at Ex. N).  Mr. Palecek petitioned the Colorado Supreme Court for certiorari review, which was denied on November 14, 2000.  Pre-Answer Resp. at Ex. K.

On December 19, 2000, Mr. Palecek filed a motion, through counsel, requesting appointment of conflict-free counsel to assist in filing a motion pursuant to Colorado

Rule of Criminal Procedure 35(c).  Pre-Answer Resp. at Ex. A, p.15.  The trial court

denied the motion on December 20, 2000.  *Id.*

On November 13, 2001, Mr. Palecek filed a *pro se* Rule 35(c) motion.  *Id.* at 14.

Also on November 13, 2001, Mr. Palecek filed a motion requesting appointment of

conflict free counsel.  *Id.*  The trial court granted the motion for conflict free counsel on

November 30, 2001.  Mr. Palecek's new counsel, Martin Stuart, filed a motion for

substitution of counsel on August 21, 2001, which the trial court granted on September

30, 2002.  *Id.*  Mr. Stuart filed a motion for release of the transcripts on October 28,

2002, which the trial court granted on October 30, 2002.  *Id.*  On March 11, 2004, Mr.

Stuart filed a motion to withdraw from Mr. Palecek's case.  *Id.*  The trial court denied the

motion to withdraw on April 7, 2004.  *Id.*

Mr. Palecek filed a supplemental Rule 35(c) motion on February 7, 2007.  *Id.* at

13.  The trial court held an evidentiary hearing on July 9, 2009, and issued a written

order denying the Rule 35(c) motion on November 11, 2009.  *Id.* at 10.  Mr. Palecek

filed an appeal, and the Colorado Court of Appeals affirmed the trial court on June 23,

2011.  *See People v. Palecek*, No. 09CA2696 (Colo. App. June 23, 2011) (unpublished

opinion).  The Colorado Supreme Court denied certiorari review on October 24, 2011.

Pre-Answer Resp. at Ex. P.

Mr. Palecek then filed the instant action, which was received by the Court on

November 3, 2011.  In the Application, Mr. Palecek asserts ten claims.


**II.     Timeliness**

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Palecek's criminal case became final. Because Mr. Palecek filed a direct appeal, his conviction became final on February 12, 2001, ninety days after November 14, 2000, the date the Colorado Supreme Court denied certiorari review.  *See* 28 U.S.C. § 2244(d)(1)(A).  As such, the one-year statute

of limitations began to run on February 13, 2001, the next business day after the

conclusion of his direct appeal.  *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th

Cir. 2003).

The Court must next determine whether any of Mr. Palecek's state court post-

conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.

§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year

limitation period while the motion is pending.  An application for post-conviction review is

properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in

compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531

U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required
> filing fees; (3) the obtaining of any necessary judicial authorizations that
> are conditions precedent to filing, such as satisfying any filing
> preconditions that may have been imposed on an abusive filer; and (4)
> other conditions precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal

law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use

of state court procedures, to exhaust state court remedies with regard to a particular

post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-

conviction application, the limitations period is tolled during the period in which the

petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Palecek's state court action between February 13, 2001, and November 12, 2001.  *See* Pre-Answer Resp. at Ex. A, p. 14-15. These **273** days are counted against the one-year statute of limitations.

Mr. Palecek filed a Rule 35(c) motion on November 13, 2001.  *Id.* at 14.  No action was taken by the state court on this motion until February 2, 2007, when Mr. Palecek filed a supplemental Rule 35(c) motion.  Thereafter, the state court held a hearing on the allegations in the Rule 35(c) motions, and issued an order denying relief on November 11, 2009, nearly eight years after Mr. Palecek's first Rule 35(c) motion was filed.

Respondents argue that Mr. Palecek abandoned his Rule 35(c) motion by failing to pursue a substantive ruling in the state trial court.  Pre-Answer Resp. at 7. Respondents argue that the limitations period should not be tolled for the entire period between November 13, 2001, and February 2, 2007, because Mr. Palecek failed to "take reasonable efforts to secure an expeditious ruling on the motion."  Pre-Answer Resp. at 6 (quoting *Wood v. Milyard*, 403 Fed. Appx. 335, 338 (10th Cir. Nov. 16, 2010) (unpublished opinion)).

The Court agrees with Respondents that Mr. Palecek abandoned his November 13, 2001, post-conviction motion, and that the Application is untimely.

In 2004, Colorado Rule of Criminal Procedure 35(c)(3)(IV) was amended to add a requirement that a district court "promptly review" a post-conviction motion and "complete its review within sixty days of filing or set a new date for completing its review and notify the parties of that date."  *See People v. Osorio*, 170 P.3d 796, 798 (Colo. App. 2007) ("The sixty-day rule was added to Crim. P. 35(c)(3)(IV) in 2004").  It is

possible that this 2004 amendment explains why Mr. Palecek's 2001 motion remained

unresolved for years but the state court hastened to act on the 2007 motion.

Regardless, Mr. Palecek bore some responsibility to ensure that the state trial court

ruled on his Rule 35(c) motion in a timely manner.  *See People v. Fuqua*, 764 P.2d 56,

58 (Colo.1988) ("When the sentencing court fails to act on a timely filed [Crim. P. 35(b)]

motion for reduction of sentence within a reasonable period of time, it then becomes the

defendant's obligation to make reasonable efforts to secure an expeditious ruling on the

motion. In the absence of any reasonable effort by the defendant to obtain an

expeditious ruling, the motion for reduction should be deemed abandoned."); *People v.*

*Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (applying *Fuqua* in a case involving a

Rule 35(c) motion).  Further, a state prisoner who abandons a post-conviction motion in

the state courts is not "'attempting, through proper use of state court procedures, to

exhaust state court remedies.'" *Gibson*, 232 F.3d at 806 (quoting *Barnett v. Lemaster*,

167 F.3d 1321,1323 (10th Cir. 1999)); *see also Stevens v. Medina*, 438 F. App'x 700,

703-704 (10th Cir. 2011) (unpublished) (concluding that Colo. Crim. P. Rule 35(c)

motion abandoned by petitioner was not a properly filed application for state

post-conviction review, and, therefore, "did not statutorily toll the one-year limitations

period").

Mr. Palecek filed the first Rule 35(c) motion on November 13, 2001.  From

November 13, 2001, until March of 2004, it appears from the record that Mr. Palecek

was taking action in the state court to secure a ruling on the allegations in his Rule 35(c)

motion.  *See* Pre-Answer Resp. at Ex. A, p. 14.  During this time period, Mr. Palecek, or

his attorney, filed motions requesting substitute counsel, release of the transcripts, and additional time to review the transcripts.  *See* Pre-Answer Resp. at 14.  However, on March 11, 2004, Mr. Palecek's court-appointed lawyer, Martin Stuart, filed a motion to withdraw from the case.  Pre-Answer Resp. at Ex. D, p. 13.  In the motion to withdraw, Mr. Stuart stated that he received a letter from Mr. Palecek requesting that Mr. Stuart withdraw from his case "due to a conflict of interest".  *Id.*  Mr. Stuart further indicated that he was "unaware of a conflict of interest necessitating appointment of new counsel."  *Id.*  The trial court denied the motion to witndraw on April 7, 2004.  Pre-Answer Resp. at Ex. A, p. 14.  The transcripts from Mr. Palecek's state court criminal case were then returned to the state court by Mr. Stuart on September 3, 2004.  *Id.*  Thereafter, no actions were taken in Mr. Palecek's state court case until February 7, 2007, when Mr. Palecek filed the second Rule 35(c) motion.  *Id.* at 13.

In this case, the Court finds that it was simply unreasonable for Mr. Palecek to delay until February 7, 2007, to attempt to obtain a ruling on the issues raised in his Rule 35(c) motion.  Even assuming that the statute of limitations was tolled from November 13, 2001, until September 3, 2004, when Mr. Stuart returned the criminal record to the state court, Mr. Palecek then waited another two years, five months, and four days before he filed the second Rule 35(c) motion on February 7, 2007.

Mr. Palecek argues that he did not abandon his 2001 Rule 35(c) motion but that "delays were caused due to various lawyers entering and exiting the case."  Reply at 3.  He asserts that "conflict issues between Mr. Palecek and Mr. Stuart together with the nature of the case resulted in the Supplement taking some time to prepare."  *Id.*  However, Mr. Palecek fails to explain the nature or the extent of the conflict he

experienced with Mr. Stuart.  Further, he does not explain his failure to pursue his 2001

Rule 35(c) motion in the state courts.  Mr. Palecek simply failed to file any motions or

letters with the state court requesting a ruling on the 2001 motion until the 2007

supplemental motion.  There is no indication in the record that Mr. Palecek made

reasonable efforts between 2004 and 2007 to "secure an expeditious ruling" on the

2001 post-conviction motion.  *See Fuqua*, 764 P.2d at 58.  Therefore, the Court

concludes that Mr. Palecek abandoned the 2001 motion.  Further, considering that 273

days had already run against the statute of limitations before Mr. Palecek filed the

November 13 2001 post-conviction motion, the Court has no trouble concluding that this

action is untimely.

   Because Mr. Palecek abandoned his 2001 Rule 35(c) motion, he had no

"properly filed application for State post-conviction" relief pending in Colorado state

court until he filed his second Rule 35(c) motion on February 7, 2007.  Because the

one-year limitations period had already run by the time that second motion was filed, the

2007 motion does not entitle Mr. Palecek to statutory tolling.  *See Laurson v. Leyba*,

507 F.3d 1230, 1232 (10th Cir. 2007).  As such, the Court finds that Mr. Palecek's

§ 2254 application which was filed on November 3, 2011, more than ten years after his

state conviction became final, is clearly untimely.

   The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and

may be tolled for equitable reasons in appropriate extraordinary situations when

circumstances beyond a prisoner's control make it impossible to file the habeas corpus

application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition,

equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an

adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson*, 232 F.3d at 808.  Simple excusable neglect, however, is not sufficient to support equitable tolling.  *See id.*  Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently.  *See Miller*, 141 F.3d at 978.  Finally, Mr. Palecek bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.* at 977.

Nothing in the record indicates that Mr. Palecek faced extraordinary circumstances that prevented him from diligently pursuing his claims.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this   22nd   day of     March        , 2012.

BY THE COURT:


     s/Lewis T. Babcock
     LEWIS T. BABCOCK, Senior Judge
     United States District Court